UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| MICHAEL SHEW,<br><br>Plaintiff,<br><br>v.<br><br>LINCOLN NATIONAL LIFE INSURANCE COMPANY,<br><br>Defendant. | ) | Cause No. 1:23-cv-00345-TWP-MG |

**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant The Lincoln National Life Insurance Company[1] ("Lincoln") files this Answer to Plaintiff's Complaint (the "Complaint") filed by Plaintiff Michael Shew ("Plaintiff") and states as follows:

**I. Parties and Jurisdiction**

1. That Plaintiff is a citizen of the State of Indiana residing in Hendricks County.

**ANSWER: Lincoln is without sufficient knowledge to either admit or deny Plaintiff's current residence, and accordingly, denies this allegation.**

2. That Defendant, Lincoln, is an insurance company doing business in the State of Indiana.

**ANSWER: Lincoln admits the allegations contained in Paragraph 2 of the Complaint.**

3. **There is no paragraph numbered "3" contained in the Complaint.**

4. Lincoln issued the disability policy to the Plan that promises to pay disability benefits to employees if they are unable to work due to injury or illness.

[1] Incorrectly named in the Complaint as "Lincoln National Life Insurance Company."

**ANSWER: Lincoln admits that it issued a Group Disability Income Policy (the "Policy") to Henry Company, LLC ("Henry"), which Policy, at certain times, insured benefits paid by the Henry Company LLC Long Term Disability Plan (the "Plan"). Lincoln denies all remaining allegations contained in Paragraph 4 of the Complaint.**

5. Lincoln is a fiduciary of the Plan.

**ANSWER: To the extent that Paragraph 5 contains legal conclusions, Lincoln is not required to answer. Lincoln admits it was, at certain times, the claims administrator of the Plan for claims under the Policy, but Lincoln specifically denies it was the plan administrator of the Plan. Lincoln denies all remaining allegations contained in Paragraph 5 of the Complaint.**

6. Lincoln processed and denied Plaintiff's disability claim.

**ANSWER: Lincoln admits that Plaintiff submitted a claim for, and at certain times received, long-term disability ("LTD") benefits from the Plan. Lincoln admits that it sent a letter to Plaintiff's counsel dated June 13, 2022, and Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 6 of the Complaint.**

7. Lincoln is both the claims adjudicator and payer of this claim.

**ANSWER: Lincoln admits it issued the Policy to Henry, which Policy, at certain times, insured benefits paid by the Plan. Lincoln admits it was, at certain times, the claims administrator of the Plan for claims under the Policy, but Lincoln specifically denies it was the plan administrator of the Plan. Lincoln denies all remaining allegations contained in Paragraph 7 of the Complaint.**

8. Lincoln benefits financially from denying Plaintiff's claim.

**ANSWER: Lincoln admits it issued the Policy to Henry, which Policy, at certain times, insured benefits paid by the Plan. Lincoln denies all remaining allegations contained in Paragraph 8 of the Complaint.**

9. Lincoln has a conflict of interest in this claim.

**ANSWER: Lincoln admits it issued the Policy to Henry, which Policy, at certain times, insured benefits paid by the Plan. Lincoln denies all remaining allegations contained in Paragraph 9 of the Complaint.**

10. That this court has jurisdiction pursuant to the Employee Retirement Income Security Act 29 USCA 1132(e)(1).

**ANSWER: Lincoln admits that Plaintiff's claims are governed by ERISA under the jurisdiction of this Court pursuant to 28 U.S.C. § 1331. Lincoln denies all remaining allegations contained in Paragraph 10 of the Complaint.**

## II. Factual Allegations

11. That Plaintiff was an employee of Henry Company, LLC, where in his capacity as a General Supervisor, he was a participant in the Plan.

**ANSWER: Lincoln admits Plaintiff was, at certain times, employed by Henry as an Operations Manager, and was, at certain times, a participant in the Plan. Lincoln denies all remaining allegations contained in Paragraph 11 of the Complaint.**

12. That Plaintiff became unable to work due to medical conditions on or about March 1, 2019 and applied for long-term disability benefits.

**ANSWER: Lincoln admits Plaintiff's last day of work at Henry was March 1, 2019. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for benefits from the Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the**

**best evidence of its contents. Lincoln admits that Plaintiff submitted a claim for, and at certain times received, LTD benefits from the Plan. Lincoln denies all remaining allegations contained in Paragraph 12 of the Complaint.**

13. That after a period of payments, his disability benefits were terminated on or about October 2, 2020.

**ANSWER: Lincoln admits that Plaintiff submitted a claim for, and at certain times received, LTD benefits from the Plan. Lincoln admits that it sent a letter to Plaintiff dated September 21, 2020, and Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 13 of the Complaint.**

14. On appeal, Lincoln determined that Plaintiff continued to be disabled under the terms of the Plan and paid benefits from October 3, 2020 through June 3, 2021. In total, Lincoln paid 24 months of benefits, finding that Plaintiff met the policy terms for benefits under the Own Occupation definition of disability.

**ANSWER: Lincoln admits that it received an appeal of the denial of Plaintiff's claim for further benefits from the Plan, but Lincoln refers to the letter and documents themselves as the best evidence of their contents. Lincoln admits that it sent a letter to Plaintiff dated September 21, 2020, and a letter dated June 13, 2022, to Plaintiff's counsel, and Lincoln refers to the letters themselves as the best evidence of their contents. Lincoln admits that, at certain times, Plaintiff received LTD benefits from the Plan. Lincoln denies all remaining allegations contained in Paragraph 14 of the Complaint.**

15. That Plaintiff administratively appealed this denial, as he suffers from numerous medical impairments that qualify him for continuing benefits under the terms of the Plan.

**ANSWER: Lincoln admits that it received an appeal of the denial of Plaintiff's claim for benefits from the Plan, but Lincoln refers to the letter and documents themselves as the best evidence of their contents. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for LTD benefits from the Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. To the extent Plaintiff attempts to interpret the Policy, Lincoln refers to the Policy itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 15 of the Complaint.**

16. Plaintiff's appeal was denied on June 13, 2022. Defendants (sic) have wrongfully refused to award Plaintiff continuing disability benefits and wrongfully withheld monies rightfully due Plaintiff as a disabled insured participant under his policy and the Plan.

**ANSWER: Lincoln admits that it sent a letter dated June 13 2022, to Plaintiff's counsel, and Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies that it violated any provision of ERISA and denies all remaining allegations contained in Paragraph 16 of the Complaint.**

17. Defendants' decision denying his disability benefits is subject to the *de novo* standard of review due to an absence of discretionary language in Plan.

**ANSWER: To the extent that Paragraph 17 contains legal conclusions, Lincoln is not required to answer. Lincoln denies all remaining allegations contained in Paragraph 17 of the Complaint.**

18. Plaintiff's monthly benefit before any deductions is $5603.80.

**ANSWER: To the extent Plaintiff attempts to interpret the Policy, Lincoln refers to the Policy itself as the best evidence of its contents. Lincoln admits that certain documents concerning Plaintiff's earnings from Henry are contained in the administrative record upon which Plaintiff's claim for LTD benefits from the Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln admits that the Policy includes language pertaining to the calculation of benefits as applicable to a participant's claim for LTD benefits from the Plan, and Lincoln refers to the Policy itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 18 of the Complaint.**

19. That as a result of Defendants' conduct, Plaintiff has been denied benefits rightfully due under the Plan and has incurred Attorney fees in order to rectify the harm done to him.

**ANSWER: Lincoln admits that by this action, Plaintiff is seeking recovery of LTD benefits from the Plan, along with attorney fees, and Lincoln denies Plaintiff is entitled to any such relief or recovery. Lincoln denies all remaining allegations contained in Paragraph 19 of the Complaint.**

WHEREFORE, Plaintiff herein, by counsel, respectfully prays for judgment against the Defendant, with interest, in an amount commensurate with his past due benefits, interest, reinstatement of his benefits, for Attorney fee reimbursement, and for all other just and proper relief in the premises.

**ANSWER: Lincoln denies all allegations contained in the WHEREFORE Paragraph of the Complaint and denies Plaintiff is entitled to the relief sought in the Prayer of the Complaint.**

**Lincoln denies all allegations contained in the Complaint not specifically admitted herein.**

## AFFIRMATIVE DEFENSES

1. The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

2. The standard of review by the District Court in this case should be whether the decision to deny Plaintiff's claim for benefits from the Plan was an abuse of discretion because the relevant plan documents contain sufficient discretionary language to invoke that standard.

3. Plaintiff's recovery of benefits, if any, from Lincoln is subject to an offset pursuant to the terms of the Policy and the documents governing the Plan, which requires offset and/or repayment of any award of other earnings or benefits, including any disability benefits Plaintiff or Plaintiff's dependents receive from the Social Security Administration.

4. Plaintiff has failed to exhaust administrative remedies regarding any specific claims, issues, or rationales that Plaintiff failed to raise in support of Plaintiff's claim or during the administrative review process.

5. Plaintiff has failed to exhaust administrative remedies with regard to Plaintiff's claim for LTD benefits from the Plan under the Policy beyond June 3, 2021, in that Plaintiff has not submitted a second level appeal of the denial of such claim, as required by the terms of Policy, and as stated in Lincoln's June 13, 2022, letter to Plaintiff's counsel.

6. Plaintiff's claims are barred to the extent the Complaint was not filed within the Policy or statutory limitations period.

7. Lincoln reserves the right to assert additional defenses.

## PRAYER

Lincoln requests that the Court enter judgment that Plaintiff recovers nothing by this action; that Lincoln be awarded its attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g); and that Lincoln be awarded such other and further relief to which it may show itself entitled.

Dated this 27th day of March 2022.

Respectfully submitted,

**LAW OFFICES OF IWANA RADEMAKERS, P.C.**

*/s/ Iwana Rademaekers*
Iwana Rademaekers (Texas State Bar No. 16452560)
*Pro Hac Vice* Motion Pending
17304 Preston Road, Suite 800
Dallas, Texas 75252
Main: (214) 579-9319
Fax: (469) 444-6456
iwana@rademaekerslaw.com

ATTORNEY FOR DEFENDANT THE LINCOLN NATIONAL LIFE INSURANCE COMPANY

## CERTIFICATE OF SERVICE

I certify that on the 27th day of March 2022, the foregoing **ANSWER** was filed electronically and that service of same on all counsel of record will be made by the Court's CM/ECF system as follows:

Melissa A. Davidson
CHARLES D. HANKEY LAW OFFICE, PC
mdavidson@hankeylaw.com

s/ Iwana Rademaekers