UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANPOLIS DIVISION

| | | |
|---|---|---|
| MICHAEL SHEW, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Cause No. 1:23-cv-00345-MPB-MG |
| vs | ) | |
| | ) | |
| LINCOLN NATIONAL LIFE INSURANCE COMPANY, and THE RSL EMPLOYER TRUST, and HENRY COMPANY, LLC | ) | |
| | ) | |
| Defendants. | ) | |

**AMENDED COMPLAINT FOR REVIEW OF FINAL DECISION DENYING DISABILITY INSURANCE BENEFITS TO PLAINTIFF AND BREACH OF FIDUCIARY DUTY**

Comes now the Plaintiff, Michael Shew, by counsel, Melissa A. Davidson, and for his complaint for Damages against Defendants, Lincoln National Life Insurance Company ("Lincoln"), Henry Company, LLC, ("Henry Company"), and The RSL Employer Trust, ("The Trust") and states as follows:

## I. Parties and Jurisdiction

1. That Plaintiff is a citizen of the State of Indiana residing in Hendricks County.

2. That Defendant, Lincoln, is an insurance company doing business in the State of Indiana.

3. That Defendant, Henry Company, LLC, is a corporation doing business in Indiana.

4. That Henry Company sponsors a long term disability insurance plan that provides benefits to its eligible employees in the event they are unable to work due to sickness or injury.

5. Reliance Standard Life Insurance Company originally insured the disability policy for LTD benefits for the employees of Henry Company.

6. Reliance Standard Life Insurance Company then allowed Henry Company to join The RSL Employer Trust, the named Policyholder for the policy at issue, through which long term disability benefits were offered and insured.

7. Lincoln subsequently became responsible for administering and paying benefits under the LTD Plan.

8. Lincoln, Henry Company, and The RSL Employer Trust are all fiduciaries of the Plan.

9. That this court has jurisdiction pursuant to the Employee Retirement Income Security Act 29 USCA 1132(e)(1).

## II. Factual Allegations

10. That Plaintiff was an employee of Henry Company, LLC, where in his capacity as a General Supervisor, he was a participant in the welfare benefit plan sponsored by his employer through the Trust.

11. That Plaintiff became unable to work due to medical conditions on or about March 1, 2019, and applied for long-term disability benefits.

12. That Plaintiff was found disabled under the Own Occupation definition of disability and was paid a long term disability benefit of $ $5,603.80 per month.

13. That Plaintiff was provided an award letter dated June 7, 2019, which specified that his LTD benefit was payable at $5,603.80 per month. (Lincoln/Shew 1362-3).

14. That Plaintiff relied on this  written statement in determining his monthly budget and financial planning.

15. Plaintiff's long term disability benefits were terminated on or about October 2, 2020.

16. Plaintiff appealed the termination of benefits and Lincoln determined that Plaintiff continued to be disabled under the terms of the Plan and paid benefits from October 3, 2020, through June 3, 2021, in an amount of $5,603.80 per month. In total, Lincoln paid 24 months of benefits, finding that Plaintiff met the policy terms for benefits under the Own Occupation definition of disability.

17. That Plaintiff administratively appealed this denial, as he suffers from numerous medical impairments that qualify him for continuing benefits under the terms of the Plan.

18. Plaintiff's appeal was denied on June 13, 2022. Defendants have wrongfully refused to award Plaintiff continuing disability benefits and wrongfully withheld monies rightfully due Plaintiff as a disabled insured participant under his policy and the Plan.

19. Defendants' decision denying his disability benefits is subject to the *de novo* standard of review due to an absence of discretionary language in the Plan.

20. Plaintiff's monthly benefit before any deductions is $5603.80.

21. That through the course of litigation, Defendant Lincoln claims that Henry Company failed to pay premiums based on Mr. Shew's salary at the time of disability, causing his monthly benefit to be less than the monthly amount previously paid.

22. That Henry Company breached its fiduciary duty to plaintiff under 29 U.S.C.S. § 1109(a), and violated 29 U.S.C.S. § 1132(a)(1)(A), (c)(1) by failing to keep Lincoln informed of Plaintiff's salary changes and pay premiums based on the increased wages.

23. That The RSL Employer Trust also owed a fiduciary duty to Plaintiff by virtue of its status as policyholder and is the proper name of the welfare benefit plan at issue here. The Plan is a proper Defendant in any ERISA case. *Mote v. Aetna Life Ins. Co.,* 502 F.3d 601, 610 (7th Cir. 2007).

24. That as a result of Defendants' conduct, Plaintiff has been denied benefits rightfully due under the Plan and has incurred Attorney fees in order to rectify the harm done to him.

WHEREFORE, Plaintiff herein, by counsel, respectfully prays for judgment against Defendants, with interest, in an amount commensurate with his past due benefits, interest, reinstatement of her benefits, for Attorney fee reimbursement, and for all other just and proper relief in the premises.

Respectfully Submitted,

___/s/ *Melissa A. Davidson*______

Melissa A Davidson
Attorney at Law
Hankey, Marks & Crider
429 E. Vermont Street, Suite 200
Indianapolis, IN 46202
Phone: (317) 634-8565
Fax: (317) 634-9818

**CETIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Preliminary Witness List was served upon counsel of record through the court's electronic filing system this 28th day of August, 2023.

Iwana Rademaekers
Law Offices of Iwana Rademaekers, P.C.
17304 Preston Road, Suite 800
Dallas, Texas 75252
iwana@rademaekerslaw.com

/s/ *Melissa Davidson*

Melissa Davidson
Senior Attorney
HANKEY MARKS & CRIDER
429 E Vermont St, Suite 200
Indianapolis, IN 46202
(317) 634-8565
mdavidson@hankeylaw.com