UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| MICHAEL SHEW,<br><br>Plaintiff,<br><br>v.<br><br>LINCOLN NATIONAL LIFE INSURANCE COMPANY, HENRY COMPANY, LLC HENRY COMPANY, LLC LONG TERM DISABILITY PLAN,<br><br>Defendant. | ) | Cause No. 1:23-cv-00345-MPB-MG |

**THE LINCOLN NATIONAL LIFE INSURANCE COMPANY'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT**

Defendant The Lincoln National Life Insurance Company[1] ("Lincoln") files this Answer to Plaintiff's Amended Complaint (the "Complaint") filed by Plaintiff Michael Shew ("Plaintiff") and states as follows:

## I. Parties and Jurisdiction

1. That Plaintiff is a citizen of the State of Indiana residing in Hendricks County.

**ANSWER: Lincoln is without sufficient knowledge to either admit or deny Plaintiff's current residence, and accordingly, denies this allegation.**

2. That Defendant, Lincoln, is an insurance company doing business in the State of Indiana.

**ANSWER: Lincoln admits the allegations contained in Paragraph 2 of the Complaint.**

[1] Incorrectly named in the Complaint as "Lincoln National Life Insurance Company."

3. That Defendant, Henry Company, LLC, is a corporation doing business in Indiana.

**ANSWER: The allegations contained in Paragraph 3 appear to pertain to Defendant Henry Company, LLC ("Henry") and, accordingly, Lincoln is not required to respond. To the extent a response is required, Lincoln is without sufficient knowledge regarding Henry's status as a business entity, and accordingly, Lincoln denies the allegations contained in Paragraph 3 of the Complaint.**

4. That Henry Company sponsors a long-term disability insurance plan that provides benefits to its eligible employees in the event they are unable to work due to sickness or injury.

**ANSWER: Lincoln admits that Henry sponsored the Henry Company, LLC Long Term Disability Plan (the "Plan"). Lincoln admits it issued a Group Disability Income Policy (the "Policy") to Henry, which Policy, at certain times, insured benefits paid by the Plan. Lincoln denies all remaining allegations contained in Paragraph 4 of the Complaint.**

5. The long-term disability plan through which these benefits were offered as (sic) called the Henry Company LLC Long Term Disability Plan.

**ANSWER: Lincoln admits the allegations contained in Paragraph 5 of the Complaint.**

6. Lincoln was responsible for administering and paying benefits under the LTD Plan.

**ANSWER: Lincoln admits it issued the Policy to Henry, which Policy, at certain times, insured benefits paid by the Plan. Lincoln admits it was, at certain times, the claims administrator of the Plan for claims under the Policy, but Lincoln specifically denies it was the plan administrator of the Plan. Lincoln denies all remaining allegations contained in Paragraph 6 of the Complaint.**

7. Lincoln, Henry Company, and The Plan are all fiduciaries of the Plan.

**ANSWER: To the extent that Paragraph 7 contains legal conclusions, Lincoln is not required to answer. Lincoln admits that Henry sponsored the Plan and that Lincoln was, at certain times, the claims administrator of the Plan for claims under the Policy, but Lincoln specifically denies it was the plan administrator of the Plan. Lincoln denies all remaining allegations contained in Paragraph 7 of the Complaint.**

8. That this court has jurisdiction pursuant to the Employee Retirement Income Security Act 29 USCA 1132(e)(1).

**ANSWER: Lincoln admits that Plaintiff's claims are governed by ERISA under the jurisdiction of this Court pursuant to 28 U.S.C. § 1331. Lincoln denies all remaining allegations contained in Paragraph 8 of the Complaint.**

## II. Factual Allegations

9. That Plaintiff was an employee of Henry Company, LLC, where in his capacity as a General Supervisor, he was a participant in the welfare benefit plan sponsored by his employer.

**ANSWER: Lincoln admits Plaintiff was, at certain times, employed by Henry as an Operations Manager, and was, at certain times, a participant in the Plan sponsored by Henry. Lincoln denies all remaining allegations contained in Paragraph 9 of the Complaint.**

10. That Plaintiff became unable to work due to medical conditions on or about March 1, 2019 and applied for long-term disability benefits.

**ANSWER: Lincoln admits Plaintiff's last day of work at Henry was March 1, 2019. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for long term disability ("LTD") benefits from the Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln admits that Plaintiff**

**submitted a claim for, and at certain times received, LTD benefits from the Plan. Lincoln denies all remaining allegations contained in Paragraph 10 of the Complaint.**

11. That Lincoln determined that Plaintiff was disabled under the Own Occupation definition of disability and was paid a long term disability benefit of $5,603.80 per month.

**ANSWER: Lincoln admits that Plaintiff submitted a claim for, and at certain times received, LTD benefits from the Plan. Lincoln admits that it sent a letter to Plaintiff dated June 7, 2019, and Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 11 of the Complaint.**

12. That Plaintiff was provided an award letter dated June 7, 2019, which specified that his LTD benefit was payable at $5,603.80 per month. (Lincoln/Shew 1362-3).

**ANSWER: Lincoln admits that it sent a letter to Plaintiff dated June 7, 2019, and Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 12 of the Complaint.**

13. That Plaintiff relied on this written statement in determining his monthly budget and financial planning.

**ANSWER: Lincoln is without sufficient knowledge regarding what documents Plaintiff relied upon in determining his monthly budget and financial planning, and accordingly, Lincoln denies the allegations contained in Paragraph 13 of the Complaint.**

14. Plaintiff's long term disability benefits were terminated on or about October 2, 2020.

**ANSWER: Lincoln admits that Plaintiff submitted a claim for, and at certain times received, LTD benefits from the Plan. Lincoln admits that it sent a letter to Plaintiff dated**

**September 21, 2020, and Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 14 of the Complaint.**

15. Plaintiff appealed the termination of benefits and Lincoln determined that Plaintiff continued to be disabled under the terms of the Plan and paid benefits from October 3, 2020, through June 3, 2021, in the amount of $5603.80 per month.

**ANSWER: Lincoln admits that it received an appeal of the denial of Plaintiff's claim for further benefits from the Plan, but Lincoln refers to the letter and documents themselves as the best evidence of their contents. Lincoln admits that it sent a letter to Plaintiff dated September 21, 2020, and a letter dated June 13, 2022, to Plaintiff's counsel, and Lincoln refers to the letters themselves as the best evidence of their contents. Lincoln admits that, at certain times, Plaintiff received LTD benefits from the Plan. Lincoln admits that certain documents concerning Plaintiff's earnings from Henry are contained in the administrative record upon which Plaintiff's claim for LTD benefits from the Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln admits that the Policy includes language pertaining to the calculation of benefits as applicable to a participant's claim for LTD benefits from the Plan, and Lincoln refers to the Policy itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 15 of the Complaint.**

16. In total, Lincoln paid 24 months of benefits, finding that Plaintiff met the policy terms for benefits under the Own Occupation definition of disability.

**ANSWER: Lincoln admits that, at certain times, Plaintiff received LTD benefits from the Plan. Lincoln denies all remaining allegations contained in Paragraph 16 of the Complaint.**

17. That Plaintiff administratively appealed this denial, as he suffers from numerous medical impairments that qualify him for continuing benefits under the terms of the Plan.

**ANSWER: Lincoln admits that it received an appeal of the denial of Plaintiff's claim for LTD benefits from the Plan, but Lincoln refers to the letter and documents themselves as the best evidence of their contents. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for LTD benefits from the Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. To the extent Plaintiff attempts to interpret the Policy, Lincoln refers to the Policy itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 17 of the Complaint.**

18. Plaintiff's appeal was denied on June 13, 2022. Defendants have wrongfully refused to award Plaintiff continuing disability benefits and wrongfully withheld monies rightfully due Plaintiff as a disabled insured participant under his policy and the Plan.

**ANSWER: Lincoln admits that it sent a letter dated June 13, 2022, to Plaintiff's counsel, and Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies that it violated any provision of ERISA and denies all remaining allegations contained in Paragraph 18 of the Complaint.**

19. Defendants' decision denying his disability benefits is subject to the *de novo* standard of review due to an absence of discretionary language in Plan.

**ANSWER: To the extent that Paragraph 19 contains legal conclusions, Lincoln is not required to answer. Lincoln denies all remaining allegations contained in Paragraph 19 of the Complaint.**

20. Plaintiff's monthly benefit before any deductions is $5603.80.

**ANSWER: To the extent Plaintiff attempts to interpret the Policy, Lincoln refers to the Policy itself as the best evidence of its contents. Lincoln admits that certain documents concerning Plaintiff's earnings from Henry are contained in the administrative record upon which Plaintiff's claim for LTD benefits from the Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln admits that the Policy includes language pertaining to the calculation of benefits as applicable to a participant's claim for LTD benefits from the Plan, and Lincoln refers to the Policy itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 20 of the Complaint.**

21. That through the course of litigation, Defendant Lincoln has claimed that Henry Company failed to pay premiums based on Mr. Shew's salary at the time of disability, causing his monthly benefit to be less than the monthly amount previously paid.

**ANSWER: Lincoln admits that certain documents concerning Plaintiff's earnings from Henry are contained in the administrative record upon which Plaintiff's claim for LTD benefits from the Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln admits that the Policy includes language pertaining to the calculation of benefits as applicable to a participant's claim for LTD benefits from the Plan, and Lincoln refers to the Policy itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 21 of the Complaint.**

22. That Henry Company and The Plan breached its fiduciary duty to plaintiff under 29 U.S.C.S. § 1109(a), and violated 29 U.S.C.S. § 1132(a)(1)(A), (c)(1) by failing to keep Lincoln

informed of Plaintiff's salary changes and failing to pay premiums based on the increased or correct wages.

**ANSWER: To the extent the allegations contained in Paragraph 22 of the Complaint pertain to Henry and the Plan, Lincoln is not required to respond. To the extent a response is required, Lincoln admits only that certain documents concerning Plaintiff's earnings from Henry are contained in the administrative record upon which Plaintiff's claim for LTD benefits from the Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 22 of the Complaint.**

23. That as a result of Defendants' conduct, Plaintiff has been denied benefits rightfully due under the Plan and has incurred Attorney fees in order to rectify the harm done to him.

**ANSWER: Lincoln admits that by this action, Plaintiff is seeking recovery of LTD benefits from the Plan, along with attorney fees, and Lincoln denies Plaintiff is entitled to any such relief or recovery. Lincoln denies all remaining allegations contained in Paragraph 23 of the Complaint.**

WHEREFORE, Plaintiff herein, by counsel, respectfully prays for judgment against the Defendant, with interest, in an amount commensurate with his past due benefits, interest, reinstatement of his benefits, for Attorney fee reimbursement, and for all other just and proper relief in the premises.

**ANSWER: Lincoln denies all allegations contained in the WHEREFORE Paragraph of the Complaint and denies Plaintiff is entitled to the relief sought in the Prayer of the Complaint.**

**Lincoln denies all allegations contained in the Complaint not specifically admitted herein.**

## AFFIRMATIVE DEFENSES

1. The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

2. The standard of review by the District Court in this case should be whether the decision to deny Plaintiff's claim for LTD benefits from the Plan was an abuse of discretion because the relevant plan documents contain sufficient discretionary language to invoke that standard.

3. Plaintiff's recovery of benefits, if any, from Lincoln is subject to an offset pursuant to the terms of the Policy and the documents governing the Plan, which requires offset and/or repayment of any award of other earnings or benefits, including any disability benefits Plaintiff or Plaintiff's dependents receive from the Social Security Administration.

4. Plaintiff has failed to exhaust administrative remedies regarding any specific claims, issues, or rationales that Plaintiff failed to raise in support of Plaintiff's claim or during the administrative review process.

5. Plaintiff has failed to exhaust administrative remedies with regard to Plaintiff's claim for LTD benefits from the Plan under the Policy beyond June 3, 2021, in that Plaintiff has not submitted a second level appeal of the denial of such claim, as required by the terms of Policy, and as stated in Lincoln's June 13, 2022, letter to Plaintiff's counsel.

6. Plaintiff's claims are barred to the extent the Complaint was not filed within the Policy or statutory limitations period.

7. Plaintiff's claims against Lincoln are limited to the terms of the Policy, which is the express plan document governing Plaintiff's claim for such benefits.

8. Plaintiff's claim fails as a matter of law because Plaintiff did not reasonably rely on any statement by Lincoln regarding the benefit amount from the Plan under the Policy.

9. Plaintiff's claim fails as a matter of law as Lincoln did not make any clear or unequivocal promise or representation regarding the benefit amount from the Plan under the Policy. Alternatively, even if Lincoln is found to have made such a promise or representation, Plaintiff's claim fails as a matter of law because such asserted promise or representation was: 1) not made to induce reliance by Plaintiff: and/or 2) the result of Lincoln's innocent or inadvertent mistake.

10. Lincoln reserves the right to assert additional defenses.

**PRAYER**

Lincoln requests that the Court enter judgment that Plaintiff recovers nothing by this action; that Lincoln be awarded its attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g); and that Lincoln be awarded such other and further relief to which it may show itself entitled.

Dated this 27th day of September 2023.

Respectfully submitted,

**LAW OFFICES OF IWANA RADEMAEKERS, P.C.**

*<u>/s/ Iwana Rademaekers</u>*
Iwana Rademaekers (Texas State Bar No. 16452560)
Admitted *Pro Hac Vice*
17304 Preston Road, Suite 800
Dallas, Texas 75252
Main: (214) 579-9319
Fax: (469) 444-6456
iwana@rademaekerslaw.com

ATTORNEY FOR DEFENDANT THE LINCOLN
NATIONAL LIFE INSURANCE COMPANY

## CERTIFICATE OF SERVICE

I certify that on the 27th day of September 2023, the foregoing **ANSWER TO PLAINTIFF'S AMENDED COMPLAINT** was filed electronically and that service of same on all counsel of record will be made by the Court's CM/ECF system as follows:

Melissa A. Davidson
CHARLES D. HANKEY LAW OFFICE, PC
mdavidson@hankeylaw.com

s/ Iwana Rademaekers